UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE DEON CARROLL, | No. 2:16-cv-1759 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On September 21, 2016, the undersigned recommended that this action be dismissed based on plaintiff's failure to file an in forma pauperis application.

On September 22, 2016, plaintiff filed a request for an extension of time to file his in forma pauperis application. Good cause appearing, the findings and recommendations are vacated, and plaintiff is granted thirty days to file his in forma pauperis application.

Plaintiff also filed two separate requests for appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must

consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. The September 21, 2016 findings and recommendations (ECF No. 8) are vacated;

2. Plaintiff's motion for extension of time (ECF No. 9) is granted; plaintiff is granted thirty days from the date of this order to file his application to proceed in forma pauperis; failure to file this application within that time will result in recommendation of dismissal of this action;

3. Plaintiff's motions for appointment of counsel (ECF Nos. 3, 9) are denied.

Dated:  October 12, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

carr1759.36

2