1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TREMAYNE DEON CARROLL,                    No.  2:  16-cv-1759 TLN KJN P

12              Plaintiff,

13        v.                                   ORDER

14   STATE OF CALIFORNIA, et al.,

15              Defendants.

16

17   I.  Introduction

18        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

19   to 42 U.S.C. § 1983.  On October 31, 2016, the undersigned dismissed plaintiff's complaint with

20   leave to amend.  (ECF No. 12.)  Pending before the court is the amended complaint filed

21   November 14, 2016.  (ECF No. 18.)  For the reasons stated herein, the amended complaint is

22   dismissed with leave to amend.

23        Named as defendants are California Department of Corrections and Rehabilitation

24   ("CDCR") Classification, CDCR Director and CDCR Chief of Inmate Appeals.  Plaintiff alleges

25   that defendants classified him with an "R" suffix even though plaintiff has never been convicted

26   of a sex crime.[1]  Plaintiff alleges that defendants labeled him with "a lewd and lascivious act

27   _____

28   [1]   An "R" suffix is an inmate custody designation assigned to inmates with a history of sex
     offenses as outlined in California Penal Code § 290, and "R" suffix inmates are housed in

                                              1

1  against minor child" when he has never been accused or convicted of such an offense.  Plaintiff

2  alleges that as a result of the "R" suffix, he has limited access to programs and education.

3  Plaintiff also alleges that physical injury has been inflicted on him by staff and inmates as a result

4  of the "R" suffix.  Finally, plaintiff alleges that he has been denied resentencing due to "related

5  incidents."

6  II.  Failure to Name Proper Defendants

7       Plaintiff alleges that defendants CDCR Classification, CDCR Director and CDCR Chief

8  of Inmate Appeals imposed the R suffix.  It is unclear to the undersigned whether "CDCR

9  Classification" is an agency or an individual.  Plaintiff shall clarify this matter in a second

10  amended complaint.

11       According to Cal. Code Regs., tit. 15 § 3377.1(b)(3)(A), a classification committee

12  determines whether to impose an "R" suffix.  The named defendants did not impose the "R"

13  suffix because they clearly were not members of a classification committee.  For this reason, the

14  amended complaint is dismissed.  If plaintiff files a second amended complaint, he shall name as

15  defendants those prison officials on the classification committee who imposed the "R" suffix.

16       If plaintiff names CDCR Classification, CDCR Director and CDCR Chief of Inmate

17  Appeals as defendants in the second amended complaint, he must specifically describe their

18  involvement in the imposition of the "R" suffix.

19  III.  Failure to State Potentially Colorable Claims for Relief

20       The undersigned construes the complaint to allege a due process claim and an Eighth

21  Amendment claim.

22       *Eighth Amendment*

23       To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

24  conditions must involve "the wanton and unnecessary infliction of pain ..."  Rhodes v. Chapman,

25  452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison

26  officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal

27

28  accordance with placement score. Cal.Code Regs., tit. 15, § 3377.1(b).

1   safety.  Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682

2   F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe

3   conditions of confinement, prison officials may be held liable only if they acted with "deliberate

4   indifference to a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.

5   1998).

6         The deliberate indifference standard involves an objective and a subjective prong.  First,

7   the alleged deprivation must be, in objective terms, "sufficiently serious...."  Farmer v. Brennan,

8   511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison

9   official must "know of and disregard an excessive risk to inmate health or safety."  Farmer, 511

10  U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying

11  humane conditions of confinement only if he knows that inmates face a substantial risk of harm

12  and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837–45.  Prison

13  officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by

14  presenting evidence of a reasonable, albeit unsuccessful, response to the risk.  Id. at 844–45.

15  Mere negligence on the part of prison official is not sufficient to establish liability, but rather, the

16  official's conduct must have been wanton.  Id. at 835; Frost, 152 F.3d at 1128.

17        Prisoners have no constitutional right to work or to education.  See Baumann v. Arizona

18  Dept. of Corrections, 754 F.2d 841, 845 (9th Cir. 1985) (no constitutional right to work); Rhodes

19  v. Chapman, 452 U.S. 337, 348 (1981) (no constitutional right to education).  Therefore, the

20  denial of access to educational activities as a result of the "R" suffix classification does not state

21  an Eighth Amendment claim.

22        Plaintiff also alleges that he has limited access to "programs" as a result of the "R" suffix

23  classification.  Because plaintiff does not describe these programs, the undersigned cannot

24  determine whether plaintiff's limited access to these programs states a potentially colorable

25  Eighth Amendment claim.  Accordingly, this claim is dismissed with leave to amend.  If plaintiff

26  files a second amended complaint, he shall clarify the "programs" to which he allegedly has

27  limited access.

28  ////

1    Plaintiff generally alleges that he suffered physical injury at the hands of prison staff and

2  inmates as a result of the "R" suffix classification.  However, plaintiff does not describe these

3  incidents of physical injury and how he knows that they were caused by the "R" suffix

4  classification.  Without this information, the undersigned cannot determine whether plaintiff has

5  stated a potentially colorable Eighth Amendment claim.  Accordingly, plaintiff's Eighth

6  Amendment claim based on physical injury is dismissed with leave to amend because it is vague

7  and conclusory.

8    *Due Process*

9    In general, prison inmates do not have a protected liberty interest in freedom from alleged

10  classification errors where such errors do not cause the inmates to be subjected to "atypical and

11  significant hardship ... in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515

12  U.S. 472, 484 (1995).  The same principle applies to claimed due process violations arising from

13  alleged falsification of prison documents.  See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997)

14  (discussing Sandin, 515 U.S. at 487 n.11)  Further, in Neal v. Shimoda, 131 F.3d 818 (9th Cir.

15  1997), the United States Court of Appeals for the Ninth Circuit found that "[t]he classification of

16  an inmate as a sex offender is precisely the type of 'atypical and significant hardship on the

17  inmate in relation to the ordinary incidents of prison life' that the Supreme Court held created a

18  protected liberty interest."  Id. at 829 (quoting Sandin, 515 U.S. at 482).  The Neal court held that

19  "the stigmatizing consequences of the attachment of the 'sex offender' label coupled with the

20  subjection of the targeted inmate to a mandatory treatment program whose successful completion

21  is a precondition for parole eligibility create the kind of deprivations of liberty that require

22  procedural protections."  Id. at 830.

23    As stated above, to state a potentially colorable due process claim based on the allegedly

24  improper "R" suffix classification, plaintiff must allege that the classification error caused him to

25  be subjected to "atypical and significant hardship…in relation to the ordinary incidents of prison

26  life."  Sandin, 515 U.S. at 484.  Plaintiff alleges that he has "limited access" to programs and

27  education as a result of the "R" suffix classification.  Plaintiff's limited access to education

28  programs does not constitute an atypical and significant hardship.  See id.  The undersigned

4

1   cannot determine whether plaintiff's limited access to other "programs" constitutes an atypical

2   and significant hardship because plaintiff does not describe these programs.  Accordingly, this

3   claim is dismissed as vague and conclusory.

4       As discussed above, plaintiff alleges that he has suffered physical harm as a result of the

5   "R" suffix classification.  Physical harm constitutes an atypical and significant hardship.

6   However, plaintiff does not describe the harm or the incidents where he was harmed, or why he

7   believes the harm was caused by his "R" suffix classification.  Without this information, the

8   undersigned cannot determine whether the physical harm constitutes an atypical and significant

9   hardship, and whether the "R" suffix classification caused the physical harm.  Accordingly, this

10   claim is dismissed with leave to amend.

11       Plaintiff also alleges that he has been denied resentencing due to "related incidents."  The

12   undersigned does not understand this claim.  Plaintiff must clarify this claim in a second amended

13   complaint.

14   IV.   Motion for Injunctive Relief, Appointment of Counsel

15       On November 17, 2016, plaintiff filed a motion for appointment of counsel and motion for

16   preliminary injunction.  (ECF No. 19.)  For the following reasons, these motions are denied.

17       In the motion for injunctive relief, plaintiff requests immediate release from prison

18   pursuant to Proposition 36.  Plaintiff appears to be referring to California Penal Code § 1170.126

19   which "created a postconviction release proceeding whereby a prisoner who is serving an

20   indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a

21   serious or violent felony and who is not disqualified, may have his or her sentence recalled and be

22   sentenced as a second strike offender unless the court determines that resentencing would pose an

23   unreasonable risk of danger to public safety."  People v. Yearwood, 213 Cal. App. 4th 161, 168

24   (2013).

25       Plaintiff's request for release and relief pursuant to Proposition 36 and California Penal

26   Code § 1170.126 should be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C.

27   § 2254.  In a civil rights action, the court is not authorized to order release from prison as a

28   remedy based on alleged sentencing errors.  Accordingly, plaintiff's motion for injunctive relief is

1    denied.

2          On November 16, 2016, the court denied plaintiff's first motion for appointment of

3    counsel.  (ECF No. 16.)  For the reasons stated in that order, plaintiff's pending motion for

4    appointment of counsel is denied.

5          Accordingly, IT IS HEREBY ORDERED that:

6          1.  Plaintiff's amended complaint is dismissed with thirty days to file a second amended

7    complaint; failure to file a second amended complaint within that time will result in a

8    recommendation of dismissal of this action;

9          2.  Plaintiff's motion for injunctive relief and motion for appointment of counsel (ECF

10   No. 19) are denied.

11   Dated:  December 9, 2016

12

13                                            _____
                                             KENDALL J. NEWMAN
                                             UNITED STATES MAGISTRATE JUDGE
14

15   Car1759.ame

16

17

18

19

20

21

22

23

24

25

26

27

28