UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE DEON CARROLL, | No. 2:16-cv-1759 TLN KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions for injunctive relief filed December 19, 2016, and March 15, 2017. (ECF Nos. 25, 33.) For the reasons stated herein, the undersigned recommends that these motions be denied.

Legal Standard for Injunctive Relief

In order to prevail on a motion for injunctive relief, the moving party must demonstrate that (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) that the relief sought is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The Ninth Circuit has held that injunctive relief may issue, even if the moving party cannot show a likelihood of success on the merits, if "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction,

1

1  so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the
2  injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127,
3  1135 (9th Cir. 2011).  Under either formulation of the principles, preliminary injunctive relief
4  should be denied if the probability of success on the merits is low.  Johnson v. California State
5  Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips
6  decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is
7  a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670,
8  675 (9th Cir. 1984))).

9  Discussion

10       The pending motions for injunctive relief are virtually identical, except that the motion
11  filed in March 2017 contains more exhibits.  In both pending motions, plaintiff alleges that he is
12  housed at the California Health Care Facility ("CHCF") in Stockton, California.  In the pending
13  motions, plaintiff alleges that he was wrongly classified with an "R" suffix.  Plaintiff alleges that
14  he has been attacked by inmates on four occasions as a result of prison officials giving inmates
15  "falsified documents" stating that plaintiff is a sex offender.  Plaintiff appears to claim that after
16  he complained about prison officials distributing this false information, prison officials retaliated
17  against him by falsely charging him with theft of state property and being in possession of a
18  weapon.

19       When plaintiff filed the first pending motion in December 2016, he was housed at CHCF.
20  On February 13, 2017, plaintiff filed a notice of change of address stating that he had been
21  transferred to California State Prison-Lancaster ("CSP-LAC"), where he is currently incarcerated.
22  From the exhibits attached to the pending motion for injunctive relief filed in March 2017, it
23  appears that plaintiff may have been transferred to CSP-LAC in January 2017.  In any event,
24  plaintiff does not allege, nor do the exhibits attached to the pending motions suggest, that he has
25  been attacked or experienced retaliation since being housed at CSP-LAC.  The exhibits suggest
26  that the alleged attacks and retaliation occurred at prisons other than CHCF and CSP-LAC.

27       Plaintiff's motions for injunctive relief should be denied because he has not demonstrated
28  the likelihood of irreparable harm in the absence of preliminary relief.  As discussed above,

plaintiff has not demonstrated that any of the alleged attacks or retaliation have occurred since his transfer to CSP-LAC, where he is currently housed.  To the extent plaintiff is requesting the removal of the "R" suffix classification, plaintiff has not demonstrated a likelihood of success on the merits as to this claim.  Plaintiff does not have an operative complaint on file and plaintiff's pending motions do not demonstrate a likelihood of success as to this claim.

On February 27, 2017, the undersigned granted plaintiff forty-five days to file a second amended complaint.  The undersigned will screen the second amended complaint when it is filed.

IT IS HEREBY RECOMMENDED that plaintiff's motions for injunctive relief filed December 19, 2016, and March 15, 2017 (ECF Nos. 25, 33) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 24, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Carr1759.inj

3