UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE DEON CARROLL,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:16-cv-1759 TLN KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated herein, the April 4, 2018 findings and recommendations recommending that this case be dismissed are vacated, and plaintiff is granted thirty days to file a second amended complaint.

Plaintiff filed the original complaint on July 27, 2016. (ECF No. 1.) On October 31, 2016, the undersigned dismissed the complaint with thirty days to file an amended complaint. (ECF No. 12.) On November 14, 2016, plaintiff filed an amended complaint. (ECF No. 18.) On December 9, 2016, the undersigned dismissed the amended complaint with thirty days to file a second amended complaint. (ECF No. 21.) Plaintiff appealed the December 9, 2016 order to the Ninth Circuit Court of Appeals. (ECF No. 23.) On February 28, 2017, the Ninth Circuit dismissed plaintiff's appeal for lack of jurisdiction. (ECF No. 32.)

////

On December 29, 2016, the undersigned granted plaintiff a thirty day extension of time to file a second amended complaint. (ECF No. 26.)

On February 27, 2017, the undersigned granted plaintiff a forty-five day extension of time to file a second amended complaint. (ECF No. 31.) On April 10, 2017, plaintiff filed a pleading titled "Petition/Second Amended Petition." (ECF No. 38.) On April 18, 2017, the undersigned issued an order finding that plaintiff's April 10, 2017 pleading was not a second amended complaint. (ECF No. 39.) The undersigned granted plaintiff thirty days to file a second amended complaint. (Id.)

Thirty days passed and plaintiff did not file a second amended complaint. Accordingly, on June 1, 2017, the undersigned recommended that this action be dismissed. (ECF No. 41.) Plaintiff did not file objections to the findings and recommendations. On August 7, 2017, the Honorable Troy L. Nunley adopted the findings and recommendations and judgment was entered. (ECF Nos. 42, 43.)

On August 24, 2017, plaintiff filed a document titled "petition for extension of time …and reconsideration for appointment of counsel." (ECF No. 44.) In this document, plaintiff alleged that he was in the CDCR Mental Health Delivery System. Plaintiff also alleged that he was housed in administrative segregation for non-disciplinary reasons. Plaintiff also alleged that he had no access to his legal property or the law library. On December 22, 2017, plaintiff filed a motion for extension of time. (ECF No. 45.)

On January 8, 2018, Judge Nunley issued an order construing plaintiff's August 24, 2017 and December 22, 2017 pleadings as requests for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 46.) Judge Nunley granted the requests for relief from judgment and granted plaintiff sixty days to file a second amended complaint. (Id.)

On February 15, 2018, plaintiff filed a motion to amend. (ECF No. 47.) This motion was not accompanied by a proposed amended complaint. Accordingly, on February 22, 2018, the undersigned denied the motion to amend and granted plaintiff thirty days to file a second amended complaint. (ECF No. 48.) Thirty days passed and plaintiff did not file a second amended complaint. Accordingly, on April 4, 2018, the undersigned recommended that this

action be dismissed. (ECF No. 49.)

On April 19, 2018, plaintiff filed objections to the findings and recommendations. (ECF No. 50.) Plaintiff alleges that he is "mentally/physically/hearing impaired/disabled inmate." Plaintiff alleges that prison officials physically assaulted him in retaliation for reporting "employee sexual misconduct." Plaintiff alleges that prison officials also retaliated against him by denying him access to medical and mental health programs. Plaintiff also alleges that, in apparent retaliation, prison officials destroyed his legal property, hearing devices, mobility devices, and rejected his grievances. Plaintiff alleges that he has none of the original filings from this case.

The undersigned observes that in plaintiff's February 15, 2018 motion to amend, he did not mention the alleged destruction of his legal property. (ECF No. 47.) In his December 22, 2017 motion for extension of time, plaintiff alleged that "CDCR had moved him over 10 times…depriving him of his property…rendering it impossible for him to meet deadlines." (ECF No. 45.) In this motion for extension of time, plaintiff did not claim that his legal property had been destroyed.

Plaintiff's claim, in the objections, that his legal property has been destroyed is conclusory and unsupported. Plaintiff does not describe how or when the destruction of his legal property allegedly occurred.

The undersigned also observes that plaintiff has shown an ability to respond to court orders, despite his claims of mental and physical impairments and retaliation. In addition, plaintiff competently litigated two motions for injunctive relief during the course of this action. On December 19, 2016 and March 15, 2017, plaintiff filed motions for injunctive relief. (ECF Nos. 25, 33.) In these motions, plaintiff complained of conditions at the California Health Care Facility ("CHCF") in Stockton. On March 24, 2017, the undersigned recommended that these motions be denied. (ECF No. 36.) On April 10, 2017, plaintiff filed objections to these findings and recommendations. (ECF No. 37.) On March 23, 2017, Judge Nunley adopted the March 24, 2017 findings and recommendations. (ECF No. 40.)

////

The second amended complaint need only contain a short and plain statement of the claim, i.e., the factual basis for the claim. Fed. R. Civ. P. 8(a). In other words, plaintiff is not required to cite cases in support of his claim. Despite the undersigned's skepticism of the grounds raised in plaintiff's objections, in an abundance of caution, plaintiff is granted thirty days to file a second amended complaint. No further extensions of time will be granted.

In his objections, plaintiff also requests appointment of counsel. For the reasons stated by Judge Nunley in his January 8, 2018 order, this motion is denied. (<u>See</u> ECF No. 46.)

Accordingly, IT IS HEREBY ORDERED that:

1. The April 4, 2018 findings and recommendations (ECF No. 49) are vacated;

2. Plaintiff is granted thirty days to file a second amended complaint; no extensions of time to file the second amended complaint will be granted; failure to file a second amended complaint will result in a recommendation of dismissal of this action;

3. The Clerk of the Court is directed to send plaintiff the form for a civil rights complaint;

4. Plaintiff's motion for appointment of counsel is denied.

Dated: May 18, 2018

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Carr1759.ord(2)
kc